**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| **DEREK WHEELING BURNETT,**<br><br>PLAINTIFF<br><br>v.<br><br>**BLUEFORCE, INC**<br><br>DEFENDANT. | **CASE NO. 4:20-cv-183** |

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff Derek Wheeling Burnett, by counsel, moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Defendant BlueForce, Inc. ("BlueForce" or "Defendant") to produce initial disclosures and responses to Plaintiff's Interrogatories and Requests for Production of Documents. In accordance with Rule 37(a)(5), Plaintiff also seeks reasonable expenses incurred in bringing this motion, including attorneys' fees.

### Background

Plaintiff filed the underlying action on December 2, 2020 asserting claims of race and religious discrimination, as well as failure to accommodate his disability. Dkt. No. 1. On January 21, 2021, following a consent motion to extend Defendant's deadline to respond, Defendant filed an Answer to Plaintiff's Complaint. *See* Dkt. Nos. 8, 10. Thereafter, on January 22, 2021, Plaintiff served on Defendant its First Request for Production of Documents pursuant to Rules 34 and 26(d)(2) of the Federal Rules of Civil Procedure. *See* **Exhibit A**.

On February 18, 2021, Magistrate Judge Krask entered a Rule 26(f) Pretrial Order (the "Pretrial Order") pursuant to which he stated that the parties "may initiate any form of discovery

at anytime subsequent to the date of [the Pretrial Order], provided that no party will be required to respond to a deposition notice or other form of discovery sooner than **April 9, 2021**." Dkt. No. 13 (emphasis in original). Thereafter, on February 24, 2021, Plaintiff served on Defendant its First Interrogatories, specifying that responses would be due on April 9, 2021 pursuant to the Pretrial Order. *See* **Exhibit B**.

On March 2, 2021, District Judge Young entered a Rule 16(b) Scheduling Order (the "Scheduling Order") in which he directed the parties to conduct a Rule 26(f) discovery planning conference and to exchange initial disclosures under Rule 26(a) "[n]o later than ten (10) days after the Rule 26(f) conference." Dkt. No. 14. Thereafter the parties convened via videoconference on March 5, 2021 for the purpose of conducting the Rule 26(f) conference. **To date Plaintiff has received no initial disclosures from Defendant nor has Plaintiff received any substantive responses to its Requests for Production of Documents or Interrogatories**.

On April 16, 2021, six weeks after the Rule 26(f) conference, counsel for Plaintiff submitted a letter to Defendant's counsel advising of various discovery deficiencies, including the failure to produce initial disclosures and respond to Plaintiff's Interrogatories and Request for Production of Documents. **Exhibit C**. In the letter, counsel explicitly advised Defendant that they were attempting to confer about these deficiencies in accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and asked that Defendant respond to the letter within three days of receipt to avoid a Rule 37(a)(3) Motion to Compel. Defendant did not respond to Plaintiff's letter within this three-day deadline.

As an additional courtesy, on April 22, 2021, counsel for Plaintiff attempted to contact Defendant's counsel by telephone about the discovery deficiency, ultimately leaving a voicemail. That afternoon, Defendant's counsel responded stating that he had received materials from

Defendant on the prior day, though he did not specify when materials or responses would be turned over to Plaintiff. **Exhibit D**. On April 23, 2021, counsel for Plaintiff submitted an additional email to Defendant's counsel reiterating the fact that initial disclosures and discovery responses were long overdue and asking that Plaintiff receive complete responses by April 27, 2021. *See* **Exhibit D**. Counsel for Defendant responded, stating: "that's a date I'll be ahead of." **Exhibit D**. Defendant did not, however, produce initial disclosures or any other discovery responses prior to that date.

## Argument and Request for Relief

Plaintiff's initial disclosures and responses to Defendant's discovery requests are long overdue. Pursuant to the Scheduling Order, initial disclosures were due by **March 15, 2021**. To date, Defendant has not submitted initial disclosures to Plaintiff, nor has Defendant offered any explanation for its failure to do so.

Moreover, pursuant to the Pretrial Order, responses to Plaintiff's Interrogatories and Requests for Production of Documents were due, at the latest, by **April 9, 2021**. Though Defendant has provided Plaintiff with a set of objections to its Request for Production, Defendant has not provided any documents in response to these requests, nor has Defendant submitted any responses whatsoever—objections or otherwise—to Plaintiff's Interrogatories. As such, Defendant has waived its right to object to Defendant's interrogatories under Local Rule 26(C).

Based on the above, Plaintiff seeks an Order from the Court containing the following relief:

i) compelling Defendant to submit Rule 26(a) initial disclosures pursuant to Rule 37(a)(3)(A);

ii) compelling Defendant to produce documents in response to Plaintiff's Request for Production of Documents and to provide responses to Plaintiff's Interrogatories pursuant to Rule 37(a)(3)(B);

iii)   declaring that Defendant has waived its right to object to Plaintiff's Interrogatories pursuant to Rule 26(C) of the Local Rules of the Eastern District of Virginia;

iv)   ordering Defendant to pay Plaintiff's reasonable expenses incurred in bringing this motion, including attorneys' fees, pursuant to Rule 37(a)(5);

v)   any other relief that the Court deems just and proper.

### Certification of Good Faith

Counsel for Plaintiff hereby certifies pursuant to Rule 37(a)(1) that they have conferred or attempted to confer with Defendant in an effort to secure Defendant's initial disclosures and responses to Plaintiff's discovery requests prior to bringing this motion.

### Conclusion

For the reasons above, Plaintiff asks that this Court grant its Motion to Compel and Order the relief requested herein.

Dated: April 29, 2021

Respectfully submitted,

/s/
Joshua L. Jewett (VSB No. 76884)
Ben D. Johnson (VSB No. 90812)
PIERCE MCCOY, PLLC
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Tel: (757) 286-2903
Fax: (757) 257-0387
jjewett@piercemccoy.com
bjohnson@piercemcccoy.com

*Counsel for Plaintiff Derek Wheeling Burnett*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of April 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

P. Stenzhorn, Esq.; VSB No.: 71484
Michael B. Ware, Esq.; VSB No.: 25401
SCHEMPP & WARE, PLLC
4000 George Washington Memorial Highway
Yorktown, VA 23692-2724
(757) 240-4000 Telephone
(757) 240-4001 Facsimile
rstenzhorn@4000law.com
mware@4000law.com

*Counsel for BlueForce, Inc.*

                                                               /s/
                                      Ben D. Johnson (VSB No. 90812)