UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| DEREK WHEELING BURNETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLUEFORCE, INC., )<br>)<br>Defendant. )<br>) | Civil No.: 4:20-cv-183 |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Derek Wheeling Burnett's ("Plaintiff" or "Burnett") Motion for Sanctions ("the Motion for Sanctions"), against Defendant BlueForce, Inc. ("BlueForce" or "Defendant") ECF Nos. 27–28. Burnett's Motion for Sanctions is premised on his claim that BlueForce has flagrantly and repeatedly failed to comply with its discovery obligations and, significantly, this Court's Orders. The United States District Judge referred the Motion for Sanctions to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A) and to the extent applicable, pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 29. The undersigned held a hearing on the Motion on September 29, 2021, and makes this recommendation based on the parties' briefing and the arguments provided at the hearing.[1] For the following reasons, pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned **RECOMMENDS** that Burnett's Motion for Sanctions, ECF No. 27, be **GRANTED**.

---

[1] Relatedly before the Court also is Burnett's Supplemental Motion to Compel, ECF No. 19. This Motion seeks again BlueForce's compliance with its discovery obligations and sanctions for its failing to meaningfully participate in a settlement conference. The undersigned resolves this Motion pursuant to 28 U.S.C. § 636(b)(1)(A), and addresses it at the conclusion of the Report and Recommendation.

## I. FINDINGS OF FACT

1. On February 18, 2021, the Court entered a Rule 26(f) Pretrial Order requiring that the parties complete their Rule 26(a)(1) initial disclosures on or before March 29, 2021, and authorized the initiation of discovery. ECF No. 13.

2. On March 16, 2021, the Court entered its Initial Scheduling Order providing, *inter alia*, that the discovery cutoff for both parties would be June 24, 2021. ECF No. 15, ¶ 6. A trial date was not designated.

3. On April 29, 2021, Burnett filed his First Motion to Compel after BlueForce did not submit initial disclosures and did not respond to Burnett's First Request for Production of Documents, or First Interrogatories. ECF No. 17 at 2.

4. BlueForce did not file a response to Burnett's First Motion to Compel, nor did it provide the requested discovery.

5. The parties attended a settlement conference on May 17, 2021—four days after BlueForce's deadline to respond to Burnett's First Motion to Compel. ECF No. 18. Following the parties' settlement conference, on May 20, 2021, Burnett filed a Supplemental Motion to Compel, again seeking the withheld discovery and disclosures, and further requesting sanctions, including attorney's fees, for BlueForce's failure to participate in the settlement conference in good faith. ECF No. 19. Burnett contended that by failing to provide him any discovery and failing to respond to his itemized list of damages and settlement demand, BlueForce violated the Court's Settlement Conference Order thereby rendering the settlement conference "unproductive." *Id.* at 1.

6. BlueForce did not oppose or otherwise respond to Burnett's Supplemental Motion to Compel.

7. Faced with an expiring discovery deadline, on June 15, 2021, Burnett filed a Motion for Extension of Time to Complete Discovery. ECF No. 21.

8. BlueForce did not respond to Burnett's Motion for Extension of Time to Complete Discovery.

9. The Court granted the extension motion on July 8, 2021, and extended the discovery cutoff date to August 23, 2021. ECF No. 26.

10. On June 30, 2021, the undersigned issued an Order granting Burnett's First Motion to Compel, and ordered BlueForce to produce initial disclosures and responsive documents within seven days. ECF No. 23. The undersigned also directed Burnett to submit a motion substantiating his costs and fees for filing the First Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.*

11. BlueForce did not produce the initial disclosures or responsive documents in response to this Order.

12. Additionally, on June 30, 2021, the undersigned issue a Show Cause Order directing BlueForce to show cause within fourteen days why Burnett's Supplemental Motion to Compel should not be granted, and why the Court should not sanction BlueForce as requested in Burnett's motion ("the First Show Cause Order"). ECF No. 24.

13. BlueForce did not respond to the First Show Cause Order.

14. On July 6, 2021, Burnett filed his Motion substantiating Costs and Fees pursuant to the Court's June 30, 2012, Order granting Burnett's First Motion to Compel. ECF No. 25.

15. BlueForce did not oppose or otherwise respond to the Motion for Costs.

16. Consequently, the Court granted Burnett's full request for costs and expenses incurred in filing the First Motion to Compel. ECF No. 31.

3

17. Following BlueForce's failure to respond to the Court's First Show Cause Order, on July 10, 2021, Burnett filed the instant Motion for Sanctions based on BlueForce's failure to provide discovery in accordance with the Court's June 30, 2021, Order. ECF No. 27, 28.

18. BlueForce did not oppose or otherwise respond to Plaintiff's Motion for Sanctions.

19. The United States District Judge then referred the Motion for Sanctions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and, to the extent applicable, pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 29.

20. On August 18, 2021, the undersigned issued a Show Cause Order ("the Second Show Cause Order"), directing BlueForce to show cause within seven days why the undersigned should not recommend default judgment be entered against BlueForce, and an award of attorney's fees and costs be entered against BlueForce and its attorneys. ECF No. 30.

21. BlueForce timely responded to the Second Show Cause Order on August 25, 2021. ECF No. 32. BlueForce conceded that it "has not been timely in the discovery process." ECF No. 32 at 1. Defendant stated that "the overwhelming amount of information requested caused an extreme search for documents and the information required to complete the Responses. By way of explanation but not excuse, the process was further complicated by the medical status of counsel and related COVID restrictions." *Id.* Defendant indicated it "presently has the necessary responsive information to the extent it exists and has identified its corporate designee upon the request of plaintiff" and stated that the information would be delivered to Plaintiff no later than August 30, 2021.[2]

---

[2] In total, Defendant argued:
> Counsel presently has the necessary responsive information to the extent it exists and has identified its corporate designee upon the request of plaintiff. This information will be delivered to plaintiff's counsel no later than the close on business on Monday, August 30, 2021.
> Further, there has been no trial date set in this matter. As remarked by the court in the initial conference; the instant matters regard events in a foreign county and employees and managers no longer affiliated with the defendant, requiring extraordinary discovery time.

22. As Burnett advised in his Reply Brief in Support of his Motion for Sanctions, ECF No. 33, and BlueForce's counsel conceded at the hearing, BlueForce did not deliver "responsive information" to Plaintiff on Monday, August 30, 2021, despite its promise to do so in its Response to the Second Show Cause Order BlueForce filed with the Court.

23. Having failed to deliver the pertinent discovery responses and initial disclosures on August 30, 2021, the next day defense counsel emailed Burnett's counsel and advised that he would "drop [it] off before the end of the week," without specifying "what information counsel intends to 'drop off,' nor whether the information [BlueForce] intends to [provide] will satisfy Defendant's myriad of overdue discovery obligations." ECF No. 33 at 1.

24. BlueForce did not provide any discovery responses or its initial disclosures by the end of that week.

25. BlueForce never asked the Court for an extension of its discovery obligations, a protective order of any sort, or a stay in the case.

26. The Court held a hearing on Burnett's Motion for Sanctions on September 29, 2021. Just before the start of the hearing, defense counsel provided opposing counsel with approximately 1,000 pages of documents, purportedly in response to the first Request for Production of Documents.

27. At the hearing, defense counsel apologized to the Court for his lack of participation in this litigation. Counsel explained that both he and his client experienced difficulties gathering

---

The defendant had not initiated its discovery until all obligations to the plaintiff have been completed in order to minimize the costs and time expenditures accordingly. It is requested that this matter be reset for final scheduling and sufficient time allowed for the parties to complete discovery.
    Plaintiff's matter has not been prejudiced by this point and the gathering of information has now allowed the defense to focus upon the true issues at bar.
    Counsel requests that the Court find the reasonable fees expended as recoverable in a limited amount in lieu of harsher sanctions and that a hearing be held to clear all matters in the instant matter following the delivery of responses to plaintiff's counsel.

ECF No. 32 at 2–3.

5

discovery materials due to many people working from home. Counsel also informed the Court that both he and his co-counsel experienced health difficulties throughout the summer that required hospitalization and took away from time spent on working matters. Counsel conceded that he did not initiate communication with opposing counsel to address these difficulties. Counsel did not deny receiving Burnett's motions or the Court's Orders, but offered that he had not wanted to give the appearance that he was "whining" about personal matters such as his health or the health of his family members.

## II. STANDARDS FOR SANCTIONS UNDER RULE 37

Under Federal Rule of Civil Procedure 37(b)(2)(A), the court has the authority to impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Additionally, under Rule 37(d), the court has the authority to impose sanctions when a party fails to appear for a deposition, or fails to respond to interrogatories. Fed. R. Civ. P. 37(d). Sanctions under Rule 37 include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii); Fed. R. Civ. P. 37(d)(3). With respect to rendering a default judgment, "range of discretion is more narrow" because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). Accordingly, the Fourth Circuit has developed a four-factor test to determine what sanctions to

6

impose under Rule 37. Under that test, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). The four-factor test ensures that "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). "[T]o ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id.* (citations omitted).

Applying the four factor test, courts have upheld entries of default judgment where a party acted in bad faith when it "stonewalled [] discovery from the inception of the lawsuit," provided "inconsistent answers as to why it missed discovery deadlines," and "continued fail[ing] to miss the deadlines despite adequate warnings from the court." *Anderson v. Found. for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998). There, the Fourth Circuit found that the sanctioned party's excuse that the failures were the result of "changes in attorneys and simple attorney error" unpersuasive, and the sanctioned party "completely fail[ed] to explain why it filed only a belated response to [one of] the court's [] discovery order[s] and no response to [another] order." *Id.* at 504–05. Additionally, the Fourth Circuit recognized that prejudice existed to the party prosecuting the case by expense, annoyance, and delay. *Id.* at 505. Finally, the Fourth Circuit considered the need for deterrence and effectiveness of lesser sanctions, and found those weighed in favor of a default judgment because the court had issued previous orders intended to be punitive, sanctions

7

for attorneys' fees, and previous warnings, and the sanctioned party disregarded those warnings. *Id.*

### III. CONCLUSIONS OF LAW

With respect to the first factor—bad faith—the Court finds that Defendant has acted in bad faith. Bad faith can be demonstrated by actions such as "noncompliance" and "haphazard compliance" of specific discovery orders, and "a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989). Bad faith can also be demonstrated "where the party 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." *Brooks Sports, Inc. v. Anta (China) Co.*, No. 1:17cv1458, 2018 WL 7488924, at *16 (E.D. Va. Nov. 30, 2018) (quoting *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985)).

In addition to failing to respond to Burnett's five motions—the First Motion to Compel, Motion for Costs, Supplemental Motion to Compel, Motion for Extension of Time to Complete Discovery, and Motion for Sanctions—BlueForce entirely failed to respond to the Court's First Show Cause Order, failed to obey that Order by providing its discovery responses and initial disclosures, and provided a less than two page response to the Court's Second Show Cause Order. Such failure to participate in this case and respond to the Court's Orders demonstrates a pattern of indifference to and disrespect for the litigation process and the authority of the Court. As further evidence of BlueForce and its counsel's disregard of their duties to the Court, at the hearing, defense counsel represented that he completed the initial disclosures prior to Burnett's filing of the First Motion to Compel in April, but for reasons he could not explain, those disclosures were never sent to Plaintiff. Moreover, despite learning that the initial disclosures were never sent, even by the date of the hearing BlueForce *still* had not provided the initial disclosures to Burnett.

In addition, defense counsel represented in his response to the Court's Second Show Cause Order that he "had the necessary responsive information to the extent it exists and has identified its corporate designee" and will "deliver[] to plaintiff's counsel no later than the close of business on Monday, August 30, 2021." ECF No. 32. Despite this representation to the Court, counsel never provided documents to Plaintiff on August 30, 2021. Failing in that commitment, defense counsel represented to plaintiff's counsel that he would deliver the promised discovery by the end of that week. That commitment likewise went unfulfilled, and in fact, defense counsel did not provide Plaintiff with any discovery at all until the hearing on September 29, 2021. Even then, that production appeared to constitute 1,000 pages of documents untethered to the specific document requests.

Defense counsel offered two explanations for why Defendant failed to meaningfully participate in this case since late April 2021. First, counsel explained at the hearing that he and his client were experiencing difficulty locating documents because many of the events leading to this litigation took place overseas, which difficulty was compounded by the fact that many of BlueForce's employees have been working remotely due to the pandemic. Second, counsel explained that both he and his co-counsel had experienced health concerns affecting their ability to litigate this case. While the Court is not at all unsympathetic to both attorneys' health concerns, defense counsel could give no satisfactory reason why, since late April, neither he nor anyone else from his office attempted to communicate with opposing counsel about these concerns, ask the Court for relief from discovery deadlines, or ask for a stay in the case. BlueForce has not contended that it did not receive or otherwise was unaware of Burnett's motions or the Court's Orders directing BlueForce to comply with its obligations. Indeed, defense counsel conceded that he was so aware. BlueForce and its counsel simply ignored this case until the Court issued the

Second Show Cause Order warning of potential default under Rule 37 of the Federal Rules of Civil Procedure. Defense counsel clearly understood his duty to the Court, but nonetheless, chose to disregard his duties.

Regarding the second factor—prejudice—the Fourth Circuit has recognized that a party prosecuting a case suffers the prejudice of expense, annoyance, and delay when the opposing party fails to meaningfully participate in the case. *See Anderson v. Found. for Advancement*, 155 F.3d 500, 505 (4th Cir. 1998). Long delays cause prejudice by impairing a party's "ability to prepare [their case]," because "witnesses become difficult to locate; memories fade, making testimony less reliable; and documentary evidence spoils." *O'Briant v. Nestle Dreyer's Ice Cream*, No. CV ELH-18-1048, 2020 WL 3791958, at *8 (D. Md. July 6, 2020). Additionally, a party suffers prejudice because such noncompliance with the court's rules undermines their purpose of providing a fair trial. *Young Again Prods. v. Acord*, 459 F. App'x 294, 303 (4th Cir. 2011).

Burnett has certainly suffered prejudice through the expense, annoyance, and delay caused by BlueForce's failure to respond to discovery and otherwise participate in this litigation. While Defendant argues that there is no real prejudice in this case because no trial date has been set, Defendant's noncompliance with its discovery obligations has rendered Plaintiff, who filed this case in December 2020, completely unable to move forward and resolve this matter. Discovery in this case has closed, even after an extension necessitated by Defendant's noncompliance. Without basic discovery such as initial disclosures, interrogatory responses, and document production, Plaintiff cannot direct more specific discovery requests, or depose key witnesses.

More concretely, Plaintiff been significantly prejudiced because at least one witness important to this litigation, Mr. Lunceford, a non-party, is located overseas. Mr. Lunceford briefly returned to the United States for a two-week period earlier this summer, unbeknownst to Burnett,

but has since returned to employment overseas. Had Burnett learned of Mr. Lunceford's whereabouts through initial disclosures or other discovery tools, Plaintiff may have been able to serve him with a subpoena to appear for a deposition. Now, Burnett is left with little legal recourse if BlueForce is unable to persuade Mr. Lunceford to voluntary sit for a deposition. The unavailability of Mr. Lunceford certainly prejudices Plaintiff in pursuing his claims.

At the hearing, to eliminate any prejudice to Burnett, defense counsel suggested the Court could simply restart the entire litigation process, including promulgating a new Rule 16(b) Scheduling Order, to allow both parties to conduct discovery, and require Blue Force to pay certain reasonable expenses caused by Defendant's conduct. This "solution" is simply untenable. Excusing Defendant's total noncompliance with its discovery obligations, not to mention its obligation to obey Court Orders, does not cure the prejudice to Burnett. By thwarting Plaintiff's discovery for many months, Burnett has been forced to endure increased expense and unnecessary and unfair delay in pursuing his claim. And to reward BlueForce for its misconduct by granting it the right to pursue its own discovery—after it waived that right by not conducting any discovery during the discovery period—runs counter to Rule 1 of the Federal Rule of Civil Procedure's direction that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

As for the third factor—emphasizing the need for deterrence—this also weighs in favor of entering a default judgment against Defendant. "'Stalling and ignoring the direct orders of the court with impunity' is 'misconduct' that 'must obviously be deterred.'" *Young Again Prods.*, 459 F. App'x at 303 (quoting *Mut. Fed.*, 872 F.2d at 93). The Fourth Circuit has admonished parties who only make last-ditch efforts to comply once "it became crystal clear that they were going to

11

lose the case unless they did something." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 94. Here, Defendant has failed to respond to the opposing party's motions, failed to comply with basic discovery requests, and failed to respond to the Court's orders. There is no doubt that conduct of this sort must be deterred. Restarting the litigation by essentially granting Defendant a "do-over" as it proposed would only encourage the flagrant disregard of discovery obligations and the authority of the Court.

Finally, as to the fourth factor—consideration of the effectiveness of lesser available sanctions—Defendant's conduct demonstrates that sanctions less severe than default would be ineffective. Even where lesser sanctions are available, default judgment is appropriate where the misconduct is so serious that a party's ability to present its case is "seriously compromised," and the party has already been forced to expend significant time and expense getting the offending party "to comply with [] basic discovery obligations." *Woodbury v. Victory Van Lines*, No. CV TDC-16-2532, 2019 WL 2135649, at *5 (D. Md. May 16, 2019), *report and recommendation adopted*, No. CV TDC-16-2532, 2019 WL 5864570 (D. Md. June 17, 2019). Additionally, a party demonstrates that a less drastic sanction would be ineffective where, after being ordered to respond to discovery, and being sanctioned, the offending party still fails to respond to the court's orders. *See Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 3895933, at *13 (E.D. Va. Aug. 8, 2014), *objections overruled*, 39 F. Supp. 3d 752 (E.D. Va. 2014), *aff'd sub nom. Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572 (4th Cir. 2015).

Defendant's conduct demonstrates that no lesser sanction would be effective to ensure its compliance with future discovery obligations and court orders. First, the Court sanctioned Defendant by imposing fees and costs after BlueForce did not respond to Burnett's First Motion to Compel. Second, it issued its First Show Cause Order when BlueForce failed to respond a

12

Burnett's Supplemental Motion seeking sanctions. Subsequently, after BlueForce failed to respond to the instant Motion for Sanctions, the Court issued its Second Show Cause Order warning BlueForce that it was considering entering a default judgment against Defendant. Still, Defendant failed to provide Plaintiff with initial disclosures or interrogatory responses. Having failed to provide any discovery material to Plaintiff for many months, on the day of the hearing, Defendant for the first time delivered approximately 1,000 pages of documents to Burnett's counsel, apparently untethered to any specific discovery request from Plaintiff. Thus, Defendant's disregard for complying with discovery obligations and this Court's Orders demonstrates that no order from the Court will ensure Defendant's compliance with its discovery obligations and good faith participation in this litigation.

In light of these factors, the Court finds that a significant sanction against Defendant is necessary and appropriate for its failure to participate in discovery, including failing to produce initial disclosures and interrogatory responses, and its failure to comply with this Court's orders. That drastic sanction, rendering a default judgment against the disobedient party pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), is appropriate here for the afore-described reasons. Moreover, BlueForce and its counsel were not substantially justified in ignoring the Court's Orders and their discovery obligations, nor do other circumstances make an award of expenses unjust. Accordingly, in accordance with Fed. R. Civ. P. 37(b)(2)(C), both BlueForce and its counsel should be required to pay the reasonable expenses, including attorney's fees, caused by BlueForce's failure to comply.

## IV. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Sanctions, ECF No. 27, be **GRANTED**, and that the Court issue a default judgment against Defendant on

liability pursuant to Rule 37(b)(2)(A) and Rule 37(d)(3) of the Federal Rules of Civil Procedure. Moreover, the undersigned **RECOMMENDS** that BlueForce and its counsel pay the reasonable expenses, including attorney's fees, caused by their failure to comply with Court Orders and their discovery obligations.

## V. OUTSTANDING MOTION

The undersigned also finds that Plaintiff's Supplemental Motion to Compel, ECF No. 19, is part and parcel to the Motion for Sanctions. The Supplemental Motion to Compel essentially asks the Court to grant the same relief as requested in its First Motion to Compel and Motion for Sanctions. Accordingly, Plaintiff's Supplemental Motion to Compel, ECF No. 19, is **DISMISSED** as **MOOT**.

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment

of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
October 6, 2021