IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| DEREK WHEELING BURNETT,<br>    Plaintiff,<br><br>        v.<br><br>BLUEFORCE, INC.,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 4:20CV183 (RCY)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

**I. Procedural History**

Plaintiff Derek Wheeling Burnett ("Plaintiff" or "Burnett") filed a Complaint on December 2, 2020. (ECF No. 1.) Defendant Blueforce, Inc. ("Defendant" or "Blueforce") moved for an extension of time to file an answer on January 5, 2021, and the Court granted that motion on January 6, 2021. (ECF Nos. 7-8.) Defendant filed an Answer on January 21, 2021. (ECF No. 10.) On February 18, 2021, the Court issued a Pretrial Order that set May 10, 2021, as the deadline for initial disclosures. (ECF No. 13.) On March 16, 2021, the Court issued a Scheduling Order that set June 24, 2021 as the deadline for discovery. (ECF No. 15, ¶ 6.)

Defendant failed to submit initial disclosures and failed to respond to Plaintiff's First Request for Production of Documents, so on April 29, 2021, Plaintiff filed his First Motion to Compel. (ECF No. 17 at 2.) Defendant neither responded nor provided the requested discovery.

On May 17, 2021, the parties attended a settlement conference. Following the settlement conference, Plaintiff filed a Supplemental Motion to Compel seeking the withheld discovery, initial disclosures, and requesting sanctions, claiming that the settlement conference was unsuccessful due to Defendant's failure to comply with its discovery obligations. (ECF No. 19.) Defendant did not respond. With the discovery deadline approaching, Plaintiff filed a Motion for

Extension of Time to Complete Discovery on June 15, 2021. (ECF No. 21.) The Court extended the discovery deadline to August 23, 2021. (ECF No. 26.)

On June 30, 2021, the Court granted Plaintiff's First Motion to Compel, ordered Defendant to produce the initial disclosures and responsive documents, and issued a Show Cause Order directing Defendant to show cause within fourteen days why Plaintiff's Supplemental Motion to Compel should not be granted and why the Court should not sanction Defendant. (ECF Nos. 23-24.) Defendant did not produce the requested documents, nor did Defendant respond to the First Show Cause Order.

On July 10, 2021, Plaintiff filed a Motion for Sanctions. (ECF No. 27.) Defendant did not respond. The undersigned then referred the Motion for Sanctions to Magistrate Judge Lawrence R. Leonard ("Magistrate Judge" or "Judge Leonard"). On August 18, 2021, Judge Leonard issued the Second Show Cause Order directing Defendant to show cause within seven days why Judge Leonard should not recommend that default judgment be entered. (ECF No. 30.) Defendant timely responded to the Second Show Cause on August 25, 2021. (ECF No. 32.) Plaintiff filed a Reply on August 31, 2021. Judge Leonard held a hearing on the Motion for Sanctions on September 29, 2021.

On October 6, 2021, Judge Leonard filed his Report and Recommendations ("R&R"). (ECF No. 35.) On October 20, 2021, Defendant filed Objections to the R&R. (ECF No. 36.) On November 3, 2021, Plaintiff filed a Response to the Objections filed by Defendant. (ECF No. 39.)

## II. Summary of Allegations in the Complaint

Defendant is an international defense contractor that contracted with the United States Airforce Air Combat Command to provide English Language Training ("ELT") to international students in the Saudi Arabian Royal Saudi Air Force. (ECF No. 1 ¶¶ 9-10.) Plaintiff was an ELT Instructor, responsible for training classes of international military students, making recommendations on curriculum, and advising Defendant on the placement, training, and needs of the international military students. (*Id.* ¶ 17.)

Plaintiff alleges that his manager discriminated against him because he is a black Muslim. (*Id.* ¶¶ 25-28.) Specifically, Plaintiff alleges that his manager passed over him for three promotions that instead went to less qualified white, non-Muslim men. (*Id.* ¶¶ 30-35.) Plaintiff also alleges that he coordinated with his manager to create a new program and program coordinator position. (*Id.* ¶¶ 36-44.) Plaintiff claims that his manager was very receptive to the idea until they met in person, and the manager realized that Plaintiff was a black Muslim. (*Id.* ¶¶ 45-49.)

Plaintiff also alleges that his manager denied a reasonable request to accommodate his Osteoarthritis. (*Id.* ¶¶ 50-58.) He further claims that his manager made him use unpaid leave, contrary to company policy and to decisions made in regard to white co-workers, to travel back to the United States to mourn the death of his brother and seek treatment for his Osteoarthritis and PTSD. (*Id.* ¶¶ 59-78.) His manager denied his request for additional leave to have knee surgery and to serve jury duty. (*Id.*) Additionally, Plaintiff claims he was antagonized by his manager and constructively discharged. (*Id.* ¶¶ 79-87.)

### III. The Report and Recommendation

**A. The Recommendations**

After a detailed discussion of the facts before him and thorough analysis of relevant law, Judge Leonard recommended that the Motion for Sanctions be granted, that the Court enter a default judgment against Defendant on liability, and that Defendant and its counsel pay the reasonable expenses, including attorney's fees, caused by their failure to comply with Court Orders and their discovery obligations. (ECF No. 35 at 13-14.)

**B. Defendant's Objections**

Defendant objects to the Magistrate Judge's recommendation of default judgment on the basis that the infractions cited by the Magistrate Judge were caused by counsel, not the Defendant. (Obj., ECF No. 36 at 1-2.) Defendant contends that the *Wilson*[1] factors suggest a less drastic sanction. (*Id.* at 4.) Defendant argues that the noncomplying party did not act in bad faith, the prejudice to the Plaintiff can be rectified with less severe sanctions, there are mitigating factors associated with the reasons for noncompliance, and that less drastic sanctions would be effective in ensuring compliance. (*Id.*)

**C. Plaintiff's Response**

Plaintiff's response is twofold. First, Plaintiff contends that Defendant has not properly brought its objection under Rule 72. (Resp., ECF No. 39 at 8.) Plaintiff argues that the objections are procedurally deficient, as they raise new arguments and do not assert specific objections to the R&R. (*Id.*) Because Defendant makes "general and conclusory objections" instead of specific objections, Plaintiff argues that the Court must use the "no clear error" standard instead of *de novo* review. (*Id.*) Second, Plaintiff argues that Judge Leonard properly

---

[1] *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 505-06 (4th Cir. 1977)

applied the *Wilson* test and default judgment is the appropriate sanction. (*Id.* at 10.)

### IV. The Court Overrules the Objections and Adopts the R&R in Full

The Court, in its independent judgment, adopts the findings and rationale of the R&R. To the extent that the parties advance new arguments in their Objections and Response, the Court addresses those below.

#### A. Application of Rule 72

The purpose of report and recommendations, under Rule 72 and 28 U.S.C. § 636(b)(1)(B), is to "conserve[] judicial resources by training the attention of [] the district court . . . upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007); *Thacker v. Berryhill*, No. 7:16cv363, 2018 WL 1462117, at *1 (W.D. Va. Mar. 23, 2018). The objecting party must object with specificity. *Midgette*, 478 F.3d at 622. Otherwise, "the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations . . . [and] judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined." *Id.*

Objections to report and recommendations are typically reviewed *de novo* by the district court. However, "[w]here a party makes only 'general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation,' de novo review is unnecessary." *Edwards v. Berryhill*, No. 2:18cv121, 2019 WL 1919167, at *2 (E.D. Va. Apr. 29, 2019) (citing *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982))). In such cases, district courts review for clear error. *See, e.g., Edwards*, 2019 WL 1919167, at *2; *Gilchrist v. Saul*, No. 2:18cv338, 2019 WL 4131079, at *2 (E.D. Va. Aug. 29, 2019); *Williams v. Astrue*, No.

2:09cv60, 2010 WL 395631, at *4 (E.D. Va. Feb. 2, 2010).

Defendant's central objection is a general objection to the sanction recommended in the R&R. (Obj. at 4.) Defendant arguably makes specific objections, albeit without specifically stating that it is making an objection, in the argument section of its Objections. Regardless of whether the Court uses clear error or *de novo* review, there is a sufficient basis to overrule the Objections and adopt the R&R.

### B. *Wilson Test*

Under the *Wilson* test, when determining what sanction to impose, the "court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. For Advancement*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 505-06 (4th Cir. 1977).

#### 1. Bad Faith[2]

Defendant makes a three-pronged argument that there was no bad faith: (1) lead counsel was suffering from a medical issue, so he did not intend to "willfully disregard his discovery obligations;" (2) Defendant was not at fault since it had no knowledge of the noncompliance with discovery or of its counsel's medical situation; and (3) co-counsel was not aware of the medical situation of lead counsel. (Obj. at 5-7.)

Regarding the first argument, the Court is sympathetic to lead counsel's medical situation; however, it is not a sufficient justification for lead counsel's lack of action in this case. Counsel had multiple opportunities to inform the Court or opposing counsel of the difficulties he

---

[2] Defendant groups bad faith and deterrence in the same subsection but never discusses deterrence. (*See* Obj. at 5-7). As such, the Court will not discuss the deterrence factor.

was facing but failed to do so. Instead, lead counsel routinely blamed the discovery delays on the difficulties caused by Defendant having employees that are working remotely due to the pandemic or working overseas. (*See* Hrg. Tr. Sep. 29, 2021, ECF No. 38, 4:12-16, 5:17-22, 9:9-13, 10:1-4.)

As for the second argument, a client being unaware of the acts or omissions of their attorney is not a sufficient defense. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client . . . ."); *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 409 (4th Cir. 2010).

The third argument is also unpersuasive. "An attorney cannot sit on his hands and then blame co-counsel or associate counsel when things go wrong in a case." *Turner v. Trans Union, LLC,* No. 18-cv-80938, 2019 WL 5102451, at *4 (S.D. Fla. Oct. 11, 2019). While co-counsel and lead counsel may have had an agreement on how the case would be handled, co-counsel should have been at least marginally aware of how the litigation was proceeding. As a counsel of record, co-counsel received ECF notifications from the court, emails from opposing counsel, and physical mail from opposing counsel. It should not have taken multiple court orders and a sanctions hearing for co-counsel to realize that there was a serious problem.

### 2. Prejudice

Defendant objects to the weight the R&R places on a key witness being overseas, and argues that Plaintiff has not been prejudiced by Defendant's non-compliance with discovery obligations. (Obj. at 8-9). However, this is not the only prejudice faced by Plaintiff. Prejudice can be in the form of "expense, annoyance, and delay." *See Anderson*, 155 F.3d at 505. In addition to the prejudice suffered by being unable to locate and depose a key witness, Plaintiff

has incurred additional costs, expenses, and frustrations in trying to prosecute his case against a Defendant that refused to meaningfully engage with this case by either providing discovery or providing a reason to the opposing party why it could not do so.

### 3. Less Drastic Sanctions

Defendant objects to the R&R's claim that it wants a "do-over" and that the Defendant has "flagrant[ly] disregard[ed]" discovery obligations, since Defendant was not aware of the noncompliance. (Obj. at 9-10.) Defendant contends discovery restrictions would be a more reasonable sanction. (Obj. at 9-10.) The parties are now six months past their deadline for initial disclosures and five months past their original discovery deadline. (*See* ECF Nos. 13, 15.) And yet, Defendant has still not provided initial disclosures, nor has it put forward a real attempt at providing discovery. (Resp. at 16). An eleventh-hour explanation of the severity of counsel's medical situation is not enough to outweigh the disregard of several motions and Court orders. Nothing in the Defendant's Objections explains why lead counsel could not have notified opposing counsel at some point before the show cause hearing nor does it explain why co-counsel failed to notice the increasingly dire state of discovery.

## V. Conclusion

Thus, finding no error in the R&R, the Court:

1. ADOPTS the findings and recommendation set forth in the R&R (ECF No. 35);

2. OVERRULES Defendant's objections;

3. GRANTS Plaintiff's Motion for Sanctions (ECF No. 27);

4. DIRECTS the Clerk to ENTER DEFAULT JUDGMENT against DEFENDANT on liability; and

5. ORDERS Defendant and its counsel at the time of the matters addressed herein to pay the

reasonable expenses, including attorney's fees, caused by their failure to comply with Court orders and their discovery obligations.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: November 23, 2021